# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| FRANCOIS COEUR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LINDA PEARSON, DAVID TERRY, and WARREN TERRY,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:17-cv-1156-DN-EJF<br><br>Chief District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Chief District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)  On October 25, 2017, the Court granted Francois Coeur's ("Mr. Coeur" or "Plaintiff") application for leave to proceed in forma pauperis and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute").  (ECF No. 1.)  Accordingly, the Court will screen Mr. Coeur's action as required under the IFP Statute.  See, e.g., Lister v. Dep't of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005).  In addition, because Mr. Coeur proceedes pro se in this case, the Court will construe his pleadings liberally.  See, e.g., Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).

## STANDARD OF REVIEW

As noted above, Mr. Coeur proceedes pro se under the IFP Statute, which requires the Court to "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the Court may raise the lack of subject matter jurisdiction sua sponte at any point in the proceedings.  McAlester v. United Air Lines, 851 F.2d 1249, 1252 (10th Cir. 1988).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).  Because federal district courts have limited jurisdiction, a presumption against federal jurisdiction exists, "and the party invoking federal jurisdiction bears the burden of proof."  Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted).

A party may demonstrate subject matter jurisdiction in one of two ways.  First, in cases arising under federal question jurisdiction, federal district courts have authority over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, a case meets the "arising under" standard of § 1331 if the face of the complaint demonstrates that federal law creates the plaintiff's cause of action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27-28 (1983).  Second, federal district courts may exercise diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  28 U.S.C. § 1332.  "A case falls within the federal district court's

original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998) (quotations and citations omitted).  With these standards in mind, the undersigned will now determine whether Mr. Coeur has established that this Court has subject matter jurisdiction over his case.

## ANALYSIS

Mr. Coeur's handwriting in his Complaint is very difficult to read.  (ECF. No. 3.) However, based on the undersigned's review of the legible portions of Mr. Coeur's Complaint, he asserts that Defendants Linda Pearson, David Terry, and Warren Terry (collectively, "Defendants") (1) sold property that should have been transferred to him as a descendant of Alice Terry, (2) failed to notify the probate court of his entitlement to the property, (3) should have sold the property and transferred a portion of the proceeds to him, and/or (4) did sell the property but failed to transfer a portion of the proceeds to him.  (Compl. 2-5, ECF No. 3.)  Mr. Coeur has asserted one cause of action for "Theft." (Id. at 4.)

Mr. Coeur's Complaint fails to identify any federal laws, treaties, or constitutional issues that would grant the Court federal question jurisdiction.  Mr. Coeur did not check one of the boxes on the Court's preprinted complaint form to establish the basis for this Court's jurisdiction.  However, Mr. Coeur checked the box on the Civil Cover Sheet accompanying his Complaint indicating that jurisdiction rests on the United States Government's role as the plaintiff in this action.  (Civ. Cover Sheet, ECF No. 3-2.)  This assertion is patently false.  Furthermore, Mr. Coeur bases his single cause of action on

a theory of theft between private individuals. (Compl. 4, ECF No. 3.) District courts in the Tenth Circuit generally regard theft as a state law claim. See Sanborn v. Am. Lending Network, 506 F. Supp. 2d 917, 924 (D. Utah 2007) (addressing theft as a state law claim); see also Maez v. Springs Auto Grp., 268 F.R.D. 391, 394 (D. Colo. 2010) (discussing plaintiff's state law claim for civil theft under Colorado law). Because federal law did not create Mr. Coeur's cause of action, he fails to demonstrate that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Mr. Coeur also fails to establish that this Court possesses diversity jurisdiction over his action. Mr. Coeur meets the amount in controversy requirement under 28 U.S.C. § 1332 as he seeks "punitive damages and attorney fees and court costs in the amount of 547,000,000 dollars and weekly payments of 2,000 dollars." (Compl. 6, ECF. No. 3.) However, he has not alleged complete diversity among the parties; rather, he states that he and all Defendants are citizens of Utah. (Id. 1-2.) As such, this Court also lacks diversity jurisdiction.

Moreover, claims "involving probate or the administration of a decedent's estate fall outside the scope of federal jurisdiction." Myers v. Hummel, No. 14-cv-00446-BNB, 2014 WL 5849405, *2 (D. Colo. Nov. 12, 2014) (citing Markham v. Allen, 326 U.S. 490, 494 (1946)) (unpublished). That said, federal courts may "entertain actions against administrators, executors, or other claimants in which plaintiffs seek to establish claims against an estate," McKibben v. Chubb, 840 F.2d 1525, 1529 (10th Cir. 1988) (quoting 13B C. Wright, A. Miller & E. Cooper, Fed. Practice & Proc., § 3610, at 484 (1984)), provided "the federal court does not interfere with the probate proceedings or assume

general jurisdiction of the probate or control of the property in the custody of the state court." Markham, 326 U.S. at 494. However, even assuming Mr. Coeur's action does not interfere with probate proceedings, this Court still lacks jurisdiction. Federal jurisdiction over probate-related matters depends on the application of state law, and this Court will only have jurisdiction if complete diversity exists between the parties. See McKibben, 840 F.2d at 1529.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting Curley v. Perry, 246 F.3d 1278, 1281 (10th Cir. 2001)). The undersigned concludes that permitting Mr. Coeur to file an amended complaint would prove futile because he cannot allege any facts that would give this court subject matter jurisdiction. See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1288 (10th Cir. 2008) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." (quoting Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007)).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.

The Court will send copies of the foregoing Report and Recommendation to Plaintiff and hereby notifies him of his right to object to the same. Within fourteen (14)

days of service of a copy, Plaintiff may file written objections.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29th day of June, 2018.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge